# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

ROBERT BARNES,

      Plaintiff,

vs.

SECURITY LIFE OF DENVER
INSURANCE COMPANY,

      Defendant.

## CLASS ACTION COMPLAINT

Plaintiff Robert Barnes ("Mr. Barnes" or "Plaintiff"), individually and on behalf of all others similarly situated, for his Class Action Complaint against Defendant Security Life of Denver ("SLD" or "Defendant"), states and alleges as follows:

**I.  NATURE OF ACTION**

1. This is a class action for breach of contract and conversion to recover amounts that Defendant charged Plaintiff and the proposed class in excess of the amounts authorized by the express terms of their life insurance policies. Plaintiff's breach of contract claims are exclusively supported by the written provisions of his policy, which are materially the same as those of other policies held by the members of the proposed class, and not subject to individual negotiation.

2.     The terms of Plaintiff's life insurance policy provide for a "Cash Value" consisting of monies held in trust by Defendant for Plaintiff, and Defendant is contractually bound to deduct from the Cash Value only those charges that are explicitly identified and authorized by the policy's terms.

3.     Despite unambiguous language in the policy, which is a fully integrated agreement, Defendant breaches the policy by deducting charges from Plaintiff's Cash Value in amounts exceeding those specifically permitted by the policy, and those breaches are continuous and ongoing.

4.     Defendant has caused material harm to Plaintiff and the proposed class by improperly draining monies they have accumulated in the Cash Values under their policies. Every unauthorized dollar taken from policy owners is one less dollar that can be used to increase the policyholder's Cash Value, pay future premiums, increase the death benefit, serve as collateral for loans against the policy, or fund a cash withdrawal.

5.     Plaintiff brings this case as a class action under Federal Rule of Civil Procedure 23, individually and on behalf of the following persons (the "class"):

> All persons who own or owned a life insurance policy issued or administered by Defendant, or its predecessors in interest, the terms of which provide or provided for: 1) an insurance or cost of insurance charge or deduction calculated using a rate that is determined based on Defendant's expectations as to future mortality experience; 2) additional but separate policy charges, deductions, or expenses; 3) an investment, interest-bearing, or savings component; and 4) a death benefit.

6. On behalf of himself and the class, Plaintiff seeks to recover compensatory and punitive damages, as well as declaratory and injunctive relief.

## II. PARTIES

7. Plaintiff Robert Barnes is a citizen of the State of North Carolina.

8. Defendant SLD is a corporation incorporated under the laws of the State of Colorado, with its principal place of business in Denver, Colorado.

## III. JURISDICTION AND VENUE

9. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d)(2), because this is a class action in which at least one member of the class is a citizen of a state different from Defendant, the amount in controversy exceeds $5 million exclusive of interest and costs, and the proposed class contains more than 100 members.

10. Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendant is a resident of this district and a substantial portion of the events giving rise to Plaintiff's causes of action occurred in this district.

## IV. FACTUAL BACKGROUND

11. Plaintiff purchased from Southland Life Insurance Company ("Southland"), Defendant's predecessor in interest, a "Flexible Premium Adjustable Life Insurance Policy" bearing policy number 851502124, with an effective date of May 20, 1984, and an initial specified amount of $50,000. A true and accurate copy of Plaintiff's policy (the "Policy," together with those of the proposed class, the "Policies") is attached hereto as Exhibit A, and incorporated herein by reference.[1]

12. In 2004, Southland merged into Security Life of Denver Insurance Company. Pursuant to this merger, Defendant SLD is the effective and liable insurer of the Policies.

---

[1] Plaintiff cites to the PDF page number of the Policy because the original pagination is illegible.

13. SLD is owned by Voya Financial, Inc., an entity incorporated under the laws of Delaware with its principal place of business in New York, New York.

14. Plaintiff has always been both the "owner" and the "insured" under the Policy, which remains in force.

15. Defendant sold Plaintiff and the class the Policies, and administers and has administered all aspects of the Policies, including the collection of premiums, and the setting, assessing and deduction of policy charges.

16. The Policy "is a legal contract" between Plaintiff and Defendant. Ex. A at 6.

17. The entire contract between Plaintiff and Defendant consists of the Policy, the application for the Policy, any supplemental applications for additional specified amounts, and any riders attached to the Policy. Ex. A at 6.

18. The terms of the Policy are not subject to individual negotiation and are materially the same for all policyholders.

19. Only an officer of Defendant has authority to make or modify the contract. Ex. A at 6. No agent has the authority to amend, alter, modify, or waive any of Defendant's requirements under the Policy, or to make or alter any contract of insurance issued. Ex. A at 12.

20. In addition to a death benefit, the Policies provide policyholders an investment, savings, or interest-bearing component that accumulates value over time (the "Cash Value"). Although Policies may use "accumulation value," "account value" or something similar to refer to the savings component, Plaintiff's Policy, as issued by Southland, uses the term "Cash Value." In Plaintiff's account statements, this component is referred to as "Accumulated Value." For the purposes of this Class Action Complaint, the savings component will be referred to as the Cash Value.

21. Generally speaking, under the express terms of the Policies, the Cash Value in any given month a policy is in force is calculated by: (a) adding a percentage of each monthly premium received to the prior month's Cash Value; (b) subtracting from that amount the amounts of any charges assessed and deducted by Defendant; and (c) adding to that total one month's interest earned on the difference between the prior month's Cash Value minus the current month's charges assessed and deducted by Defendant:

> The cash value on the date of issue will be the initial net premium.
> The cash value on a monthly anniversary day will be calculated as (a) plus (b) plus (c) minus (d) minus (e) minus (f) minus (g) where:
>> (a) is the cash value on the preceding monthly anniversary day;
>> (b) is one month's interest on item (a);
>> (c) is the net premiums received since the preceding monthly anniversary day;
>> (d) is the monthly deduction for the month preceding the monthly anniversary day;
>> (e) is one month's interest on item (d);
>> (f) is any partial surrender amounts withdrawn since the preceding monthly anniversary day; and
>> (g) is one month's interest on item (f).
>
> On any day other than a monthly anniversary day, the cash value will be calculated as (a) plus (c) minus (d) minus (f) using the definitions above.

Ex. A at 15.

22. The Policy expressly defines the specific charges that Defendant may assess and deduct from the Policy's Cash Value. Defendant may assess and deduct only those charges allowed by the Policy.

23.     The Policy authorizes Defendant to take a "Monthly Deduction" from the Cash Value:

> The monthly deduction for a policy month will be calculated as (a) plus (b) plus (c) where:
>
> > (a) is the cost of insurance for the policy month;
> > (b) is the sum of the monthly expense charges shown on page 3. The charges apply to the initial specified amount for the first policy year. They also apply to any additional specified amount for one year following the effective date of such additional amount.
> > (c) is the cost of any supplemental benefits provided by rider.

Ex. A at 15.

24.     The Policy expressly defines how the Cost of Insurance, the first component of the Monthly Deduction, is calculated:

> The cost of insurance is calculated as (a) multiplied by the result of (b) minus (c) where:
>
> > (a) is the cost of insurance rate as described in the Cost of Insurance Rate section;
> > (b) is the Insured's Death Benefit at the beginning of the policy month divided by 1.0036748;
> > (c) is the cash value at the beginning of the policy month as described in the Cash Value section.
>
> If the cash value is included in the specified amount and there have been increases in the specified amount, then the cash value will be first considered a part of the initial specified amount. If the cash value exceeds the initial specified amount, it shall then be considered a part of additional specified amounts resulting from increases in the order of the increases.

Ex. A at 15.

6

25.     Under the explicit terms of the Policy, Defendant is authorized to use only the insured's sex, attained age, rating class, and its "expectations as to future mortality experience" when determining the Cost of Insurance Rates used to calculate the Cost of Insurance:

> The cost of insurance rate is based on the sex, attained age, and rate classification of the Insured. Attained age means age on the prior policy anniversary. The monthly guaranteed cost of insurance rates shown on page 3 are based on the Commissioners 1958 Standard Ordinary Mortality Table, Age Last Birthday.
> Monthly cost of insurance rates will be determined by the Company based on its expectations as to future mortality experience. However, the cost of insurance rates will not be greater than those shown on page 3.

Ex. A at 15.

26.     Because the Policy expressly states that monthly Cost of Insurance Rates are based on Defendant's expectations as to future mortality experience, the parties agreed that Defendant's mortality expectations are what determine the Policy's Cost of Insurance Rates.

27.     In addition to the Cost of Insurance, the Policy authorizes Defendant to include in the Monthly Deduction certain "Monthly Expense Charges" that are fixed at $ 0.33 per month, per $1000 specified amount (for the first year only) and 7.5% of premiums received (for all years). Ex. A at 15, 3.

28.     Like Plaintiff's Policy, the Policies provide that Defendant is authorized to take similar periodic deductions from policyholders' Cash Values, including specifically, Cost of Insurance charges that are calculated using rates that Defendant must determine based on its expectations as to future mortality experience, and separate maintenance, administrative, or other expense charges or deductions in fixed amounts.

29. Although the Policies authorize Defendant to use only its "expectations as to future mortality experience" when determining Cost of Insurance Rates, after issuing the Policy Defendant used other factors not authorized by the Policy when determining such rates, including without limitation: expense experience, persistency, taxes, profit assumptions, investment earnings, capital and reserve requirement, and other unspecified factors.

30. By including other factors in calculating Cost of Insurance Rates, Defendant knowingly causes those rates to be higher than what is explicitly authorized by the Policies.

31. By including unauthorized factors in Cost of Insurance Rates, Defendant repeatedly and continuously breaches Plaintiff's Policy and the Policies by impermissibly inflating those rates such that they substantially exceed Defendant's "expectations as to future mortality experience."

32. The higher Cost of Insurance Rates used by Defendant cause the monthly Cost of Insurance charge to be greater than what is explicitly authorized by the Policies. Consequently, Defendant withdraws from the Cash Value an amount for the Cost of Insurance that is greater than that authorized under the Policies.

33. Each of Defendant's past and future Cost of Insurance deductions from the Cash Values of Plaintiff and the class constitutes a separate breach of contract.

34. As a direct and proximate result of Defendant's breaches, Plaintiff and the class have been damaged, and those damages are continuing in nature in that Defendant has deducted and will continue to deduct unauthorized amounts from policyholders' Cash Values.

35. By loading Cost of Insurance Rates with undisclosed administrative expense factors, Defendant repeatedly and continuously breaches the Policies by impermissibly deducting

amounts from the Cash Values of Plaintiff and the class in excess of the fixed and maximum Monthly Expense Charge amounts expressly authorized by the Policies.

36.  Each of Defendant's past and future Monthly Expense Charge deductions from the Cash Values of Plaintiff and the class constitutes a separate breach of contract.

37.  As a direct and proximate result of Defendant's breaches, Plaintiff and the class have been damaged and those damages are continuing in nature in that Defendant has deducted and will continue to deduct unauthorized expense factors from the Cash Values of Plaintiff and the class.

38.  The nature of Defendant's conduct is such that Plaintiff and each member of the class was unaware that Defendant was engaging in wrongdoing by taking inflated charges and improper amounts from Cash Values. Defendant possesses the actuarial information and equations underlying the computation of rates and charges for the Policy. The Cost of Insurance Rates used to calculate Cost of Insurance charges are not disclosed to policy owners, nor are the components or factors that comprise those rates. And, even if they were, Plaintiff and the members of the class would lack the knowledge, experience, or training to reasonably ascertain how Defendant calculated the rates and charges included in the Policy.

39.  Defendant was aware that Plaintiff and each member of the class did not know about the improper deductions because of Defendant's superior knowledge of the aforementioned computations. Defendant sent Plaintiff annual statements that identified each month's Cost of Insurance charge while affirmatively concealing the factors Defendant used to calculate the Cost of Insurance Rates. Despite reasonable diligence on his part, Defendant's deceptive conduct kept Plaintiff ignorant of the factual bases for these claims for relief and induced Plaintiff not to commence suit. Defendant's affirmative deception constitutes fraudulent

concealment and therefore tolls the statute of limitations for Plaintiff and proposed class members.

40. Plaintiff did not, nor could Plaintiff have, through reasonable diligence, discovered the facts establishing Defendant's breaches or the harm caused thereby. Plaintiff did not learn of Defendant's breaches until November 2017 after he engaged counsel and consulted an actuarial expert.

41. Defendant is estopped from asserting a statute of limitations defense. Defendant affirmatively concealed the true factors it was using to calculate the Cost of Insurance Rates and thereby misled Plaintiff and prevented him from learning of the factual bases for these claims for relief. Plaintiff diligently proceeded to file suit once he discovered the need to do so.

## V.  CLASS ACTION ALLEGATIONS

42. Plaintiff brings this lawsuit under Federal Rules of Civil Procedure 23 on behalf of himself and as a representative of the following class:

> All persons who own or owned a life insurance policy issued or administered by Defendant, or its predecessors in interest, the terms of which provide or provided for: 1) an insurance or cost of insurance charge or deduction calculated using a rate that is determined based on Defendant's expectations as to future mortality experience; 2) additional but separate policy charges, deductions, or expenses; 3) an investment, interest-bearing, or savings component; and 4) a death benefit.

43. Excluded from the class is Defendant, any entity in which Defendant has a controlling interest, any of the officers, directors, or employees of the Defendant, the legal representatives, heirs, successors, and assigns of the Defendant, anyone employed with Plaintiff's counsel's firms, any Judge to whom this case is assigned, and his or her immediate

family. Also excluded from the class is any policy that explicitly discloses all of the factors Defendant used to calculate its rates and charges.

44. Plaintiff's claims satisfy the numerosity, typicality, adequacy, commonality and superiority requirements of Federal Rule of Civil Procedure 23(a), and the requirements of (b)(1), (b)(2), and (b)(3) for class treatment.

45. The numerosity requirement is satisfied, because there are hundreds and likely thousands of class members geographically dispersed throughout the United States, making the class so numerous that joinder is impracticable, and the disposition of their claims in a single action will provide a substantial benefit to all parties and to the Court.

46. Class members are readily ascertainable from information and records in Defendant's possession, custody, or control. Notice of this action can therefore be readily provided to the class, via first class mail, using information contained in Defendant's records.

47. Plaintiff's claims are typical of the claims of the class, because the express terms of the Policies purchased from Defendant by Plaintiff and proposed class members contain the same or similar limitations on the amounts Defendant can charge under the policies.

48. Plaintiff will fairly and adequately protect and represent the interests of the proposed class, because his interests are aligned with, and not antagonistic to, those of the proposed class. Plaintiff is represented by counsel who are experienced and competent in the prosecution of class action litigation, and have particular expertise with class action litigation on behalf of owners of universal life insurance policies like the Policies.

49. The facts of this case are also such that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the

controversy. Questions of law or fact common to the class arising from Defendant's actions, include, without limitation, the following:

    (a) Whether Defendant is permitted by the Policies to use factors other than those disclosed in the Policies to determine the monthly Cost of Insurance Rates used to calculate Cost of Insurance charges or deductions;

    (b) Whether Defendant added, included, or relied on factors not specified in the Policies when determining the monthly Cost of Insurance Rates used to calculate Cost of Insurance charges or deductions;

    (c) Whether Defendant added, included, or relied on factors unrelated to mortality expectations in setting and determining Cost of Insurance Rates, despite the policy provisions providing that Cost of Insurance Rates will be based on expectations as to future mortality experience;

    (d) Whether Defendant breached the terms of the Policies;

    (e) Whether the class sustained damages as a result of Defendant's breaches of contract;

    (f) Whether the class is entitled to damages, restitution, and/or other equitable relief requiring Defendant to make deductions from Cash Values in accordance with the terms of the Policies in the future; and

    (g) Whether the class, or a subset of the class, is entitled to declaratory relief stating the proper construction and/or interpretation of the Policies.

50. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Absent a class action, most class members would likely find the cost of litigating their claims prohibitively high and would have no effective

remedy. Because of the relatively small size of the individual class members' claims, it is likely that few, if any, class members could afford to seek redress for Defendant's violations.

51.     Class treatment of common questions of law and fact is superior to piecemeal litigation in that class treatment will conserve the resources of the courts and will promote consistency and efficiency of adjudication.

**VI.     COUNT I: BREACH OF CONTRACT**

**(Cost of Insurance Charge)**

52.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

53.     Plaintiff and the class purchased life insurance policies—the Policies—from Defendant.

54.     The Policies are valid and enforceable contracts between the Defendant and Plaintiff and class members.

55.     Plaintiff and the class substantially performed their obligations under the terms of the Policies.

56.     By including unauthorized and undisclosed factors in the monthly Cost of Insurance Rates, Defendant deducts amounts in excess of those contractually authorized under the terms of the Policies.

57.     Because Defendant calculates Cost of Insurance charges using monthly Cost of Insurance Rates that are higher than those authorized by the Policies, Defendant has deducted and will deduct Cost of Insurance charges from the Cash Values of Plaintiff and the class in amounts greater than those authorized by their policies.

58.     Defendant's practice of deducting charges in amounts not authorized by the Policies constitutes a breach of the policies.

59. As a direct and proximate result of Defendant's breach, Plaintiff and the class have sustained damages that are continuing in nature in an amount to be determined at trial.

## VII.  COUNT II: BREACH OF CONTRACT

### (Monthly Expense Charges)

60. The preceding paragraphs are incorporated by reference as if fully alleged herein.

61. By including unauthorized expense factors in monthly Cost of Insurance Rates, Defendant impermissibly deducts expense charges from the Cash Values of Plaintiff and the class in amounts in excess of the fixed and maximum expense charges expressly authorized by their policies.

62. By deducting unauthorized expense charges from the Cash Values of Plaintiff and the class, Defendant has breached and continues to breach the Policies.

63. As a direct and proximate result of Defendant's breach, Plaintiff and the class have been damaged and these damages are continuing in nature in an amount to be determined at trial.

## VIII.  COUNT III: BREACH OF CONTRACT

### (Improving Mortality Expectations)

64. The preceding paragraphs are incorporated by reference as if fully alleged herein.

65. When setting monthly Cost of Insurance Rates, the Policies authorize Defendant to consider only its expectations as to future mortality experience.

66. Although mortality expectations have generally improved because people are living longer today than when the Policies were initially priced, Defendant has failed to lower monthly Cost of Insurance Rates for the Policies.

67. Defendant's failure to lower these rates even though its expectations of future mortality experience improved constitutes a breach of the Policies.

68. As a direct and proximate result of Defendant's breach, Plaintiff and the class have been damaged and these damages are continuing in nature in an amount to be determined at trial.

## IX.  COUNT IV: CONVERSION

69. The preceding paragraphs are incorporated by reference as if fully alleged herein.

70. Plaintiff and the class had a property interest in the funds Defendant deducted from their Cash Values in excess of the amounts permitted by the terms of the Policies.

71. By deducting Cost of Insurance charges and expense charges in unauthorized amounts from the Cash Values of Plaintiff and the class, Defendant assumed and exercised ownership over, and misappropriated or misapplied, specific funds held in trust for the benefit of Plaintiff and the class, without authorization or consent and in hostility to the rights of Plaintiff and class members.

72. Defendant continues to retain these funds unlawfully without Plaintiff and class members' consent.

73. Defendant's wrongful exercise of control over the personal property of Plaintiff and class members constitutes conversion.

74. As a direct and proximate result of Defendant's conduct, Plaintiff and the class have been damaged, and these damages are continuing in nature.

75. Although requiring expert testimony, the amounts of unauthorized Cost of Insurance charges and expense charges Defendant took from Plaintiff and the class are capable of determination, to an identified sum, by comparing Plaintiff's actual Cost of Insurance charge each month to a Cost of Insurance charge computed using a monthly Cost of Insurance rate determined using Defendant's expectations as to future mortality experience.

76. Defendant intended to cause damage to Plaintiff and the class by deducting more from their Cash Value than was authorized by the Policies. Defendant's systematic acts of conversion are therefore malicious and oppressive to Plaintiff and the class.

77. By reason of the foregoing, Plaintiff and class members are entitled to recover from Defendant all damages and costs permitted by law, including all amounts Defendant has wrongfully converted.

## X.    COUNT V: DECLARATORY AND INJUNCTIVE RELIEF

78. The preceding paragraphs are incorporated by reference as if fully alleged herein.

79. An actual controversy has arisen and now exists between Plaintiff and the class, on the one hand, and Defendant, on the other, concerning the respective rights and duties of the parties under the Policies.

80. Plaintiff contends that Defendant has breached the Policies by using unauthorized and undisclosed factors to compute the monthly Cost of Insurance Rates under the Policies, Defendant impermissibly increased monthly Cost of Insurance Rates for the Policies and, as a result, withdrew Cost of Insurance charges from the Cash Values of Plaintiff and the class in an amount greater than those authorized by the Policies.

81. Plaintiff therefore seeks a declaration of the parties' respective rights and duties under the Policies and requests the Court to declare the aforementioned conduct of Defendant as unlawful and in material breach of the Policies so that future controversies may be avoided.

82. Pursuant to a declaration of the parties' respective rights and duties under the Policies, Plaintiff further seeks an injunction temporarily, preliminarily, and permanently enjoining Defendant (1) from continuing to engage in conduct in breach of the Policies, and from continuing to collect unlawfully inflated charges in violation of the Policies; and (2) ordering

Defendant to comply with terms of the Policies in regards to its assessment of charges against Plaintiff and class members' Cash Values.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests relief and judgment against Defendant as follows:

(a) That the Court enter an order certifying the class, appointing Plaintiff as a representative of the class, appointing Plaintiff's counsel as class counsel; and directing that reasonable notice of this action, as provided by Federal Rule of Civil Procedure 23(c)(2), be given to the class;

(b) For a judgment against Defendant for the causes of action alleged against it;

(c) For compensatory damages in an amount to be proven at trial;

(d) For punitive and exemplary damages;

(e) For a declaration that Defendant's conduct as alleged herein is unlawful and in material breach of the Policies;

(f) For appropriate injunctive relief, enjoining Defendant from continuing to engage in conduct related to the breach of the Policies;

(g) For pre-judgment and post-judgment interest at the maximum rate permitted by law;

(h) For Plaintiff's costs incurred; and

(i) For such other relief in law or equity as the Court deems just and proper.

## XII. DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff, on behalf of itself and the proposed class demands a trial by jury on all issues so triable.

Dated: March 27, 2018                    GIRARD GIBBS LLP

                                              /s/ *Daniel C. Girard*

Daniel C. Girard
Elizabeth A. Kramer
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, California 94108
Tel:  415-981-4800
Fax: 415-981-4846
Email: dcg@girardgibbs.com
Email: eak@girardgibbs.com

Norman E. Siegel
Toji Calabro
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:  816-714-7100
Fax: 816-714-7101
Email: siegel@stuevesiegel.com
Email: calabro@stuevesiegel.com

John J. Schirger
Matthew W. Lytle
MILLER SCHIRGER, LLC
4520 Main Street, Suite 1570
Kansas City, Missouri 64111
Tel:  816-561-6500
Fax: 816-561-6501
Email: jschirger@millerschirger.com
Email: mlytle@millerschirger.com

Gordon W. Netzorg
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Tel: 303-297-2900
Fax: 303-298-0940
Email: gnetzorg@shermanhoward.com

*Attorneys for plaintiff Robert Barnes*