IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-718-WJM-SKC

ROBERT BARNES,

    Plaintiff,

v.

SECURITY LIFE OF DENVER INSURANCE COMPANY,

    Defendant.

## ORDER GRANTING MOTION TO STAY DISTRICT COURT PROCEEDINGS AND ADMINISTRATIVELY CLOSING THIS ACTION

Currently before the Court is Defendant Security Life of Denver Insurance Company's ("SLD") Motion to Stay District Court Proceedings (the "Motion") (ECF No. 73) while non-party Jackson National Life Insurance Company ("Jackson") appeals this Court's denial of Jackson's Motion to Intervene (ECF Nos. 34 & 65). For the reasons discussed below, SLD's Motion is granted and the case is stayed and administratively closed pending resolution of Jackson's appeal.

## I. BACKGROUND

By way of abbreviated background, Plaintiff Robert Barnes ("Barnes") brought class breach of contract and conversion claims against SLD for an alleged failure to comply with the terms of a universal life policy that Barnes purchased from SLD's predecessor in interest. (ECF No. 42 at 1.) Jackson then moved to intervene on the grounds that it was contractually responsible for administration and reinsurance of Barnes' policy and others. (ECF No. 34.) The Court denied Jackson's motion both for

intervention as of right and for permissive intervention on November 21, 2018. (ECF No. 65.) Jackson then filed an interlocutory appeal of this Court's order denying intervention to the Tenth Circuit Court of Appeals. (ECF No. 68.) Thereafter, SLD filed the instant Motion. (ECF No. 73.)

## II. ANALYSIS

While an interlocutory appeal is pending, jurisdiction generally transfers from the district court to the court of appeals. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1229 (10th Cir. 1998). But not always. *Howard*, 150 F.3d at 1229. "No transfer of jurisdiction occurs if the appeal is taken from a nonappealable order." *Id.* Even when an order is appealable, the district court is divested of control only over "those aspects of the case involved in the appeal." *Id.* The Court will address each possibility in turn.

Denial of motion to intervene is grounds for an interlocutory appeal "if it prevents the applicant from becoming a party to an action." *WildEarth Guardians v. U.S. Forest Service*, 573 F.3d 992, 994 (10th Cir. 2009); *see Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 378 (1987) (partially granting a motion to intervene did not provide grounds for interlocutory appeal because intervenor could appeal order as a party at the conclusion of litigation). Here, Jackson filed an interlocutory appeal challenging this Court's order denying its motion to intervene. In accordance with Tenth Circuit precedent, that order is subject to immediate review. *See WildEarth Guardians*, 573 F.3d at 994.

Next, the Court must determine whether Jackson's appeal impacts the litigation

2

as a whole or is a limited interlocutory ruling. Where an appeal is taken from a ruling that impacts only part of the case, the district court may proceed with the remainder of the case. *Howard*, 150 F.3d at 1229. However, where the appeal impacts the entire proceeding and cannot be isolated, the district court is divested of jurisdiction to proceed with any part of the action. *Id.*; *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990). For example, in *Western Energy Alliance v. Jewell*, the court denied the applicants' motion to intervene on two of three claims, and then separately considered whether to stay only those counts pending an interlocutory appeal. *W. Energy All. v. Jewell*, 2017 WL 3588648, at *3 (D.N.M. Mar. 1, 2017).

SLD argues that Jackson's appeal impacts the litigation as a whole. (ECF No. 73 at 4–5.) The Court agrees. Unlike the applicants in *Western Energy Alliance*, Jackson moved to intervene on each of Barnes' claims. *Cf. W. Energy All.*, 2017 WL 3588648, at *3. Thus, there are no substantive parts of the litigation which would not be impacted should the Tenth Circuit determine that Jackson's interests are not adequately represented by the existing parties.

Barnes contends that the issue of intervention does not impact the litigation as a whole because there is little practical difference between Jackson-as-intervenor and Jackson-as-controller, given Jackson's contractual right to control the litigation. (ECF No. 80 at 6–9.) Barnes' argument assumes that the Tenth Circuit will agree with this Court that Jackson's interests are identical to those of SLD and Jackson's interests are adequately represented by its contractual relationship with SLD. But this Court cannot presume to know how the Tenth Circuit will rule, and as such Barnes' arguments are

unavailing. Thus, the Court finds that Jackson's appeal impacts the litigation as a whole.

Moreover, to limit potential abuse of interlocutory review, a district court is not divested of jurisdiction if it certifies that an appeal is frivolous. *Stewart*, 915 F.2d at 577–78; *Cox v. Wilson*, 2017 WL 4331062, at *2 (D. Colo. July 21, 2017). The plaintiff bears the "burden to obtain a determination that the defendant's appeal is frivolous or dilatory." *Stewart*, 915 F.2d at 577. "Generally, an argument is frivolous when 'it lacks an arguable basis either in law or in fact.'" *Sanchez v. Hartley*, 2014 WL 5904755, at *1 (D. Colo. Nov. 13, 2014) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "The Tenth Circuit defines a frivolous appeal as on where the result is obvious or where the appellant's arguments are wholly without merit." *Cox*, 2017 WL 4331062, at *2.

The Court has reviewed the parties' arguments and concludes that the issue presented in Jackson's appeal is not frivolous. In a footnote, Barnes argues that the Court can certify Jackson's appeal as frivolous, essentially by restating the legal standard and suggesting that the order is nonappealable. (ECF No. 80 at 3 n.1.) As discussed above, denial of a motion to intervene is immediately appealable. *See WildEarth Guardians*, 573 F.3d at 994. More importantly, Jackson's arguments are not devoid of an arguable basis in fact or law, and the result on appeal is not obvious. *See Sanchez*, 2014 WL 5904755, at *1. Thus, the Court is unable to conclude or certify that Jackson's appeal is frivolous.

Because the frivolity exception does not apply and Jackson's appeal impacts the whole of the litigation, Jackson's interlocutory appeal divests this Court of jurisdiction

over the entirety of this action.  *See Howard*, 150 F.3d at 1229.  Thus, a stay is warranted and SLD's Motion is granted.

The Court will also administratively close the action pending appeal.  District courts have the inherent power to manage their dockets "to achieve the orderly and expeditious disposition of cases" as long as the action is a reasonable response to a specific problem and does not contradict any express rule or statute.  *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891–92 (2016).  Here, the Court lacks jurisdiction pending appeal and the case is stayed pending resolution of the appeal.  The Court has no power to act in this matter until the appeal is resolved.  Thus, the Court also finds that administrative closure, subject to reopening for good cause shown, is warranted.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant SLD's Motion to Stay District Court Proceedings (ECF No. 73) is GRANTED;

2. The case is STAYED and ADMINISTRATIVELY CLOSED.  This case may be re-opened upon a motion of any party for good cause shown, filed any time after the Tenth Circuit has issued its mandate on Jackson's appeal;

3. All current and pending deadlines, including those set out in the Court's Amended Scheduling Order (ECF No. 60), are hereby VACATED; and

4. Defendant SLD's pending Motion to Stay or for Partial Dismissal (ECF No. 18) is DENIED WITHOUT PREJUDICE, and may be re-filed promptly after this case is re-opened.

5

Dated this 9th day of January, 2019.

BY THE COURT:

William J. Martinez
United States District Judge